FILED

FEB 29 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Paul E. Burns (Texas Bar No. 24026723; Ariz. Bar No. 18259)
Joseph E. Cotterman (Ariz. Bar No. 013800)
Lindsi M. Weber (Ariz. Bar No. 025820)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000
jec@gknet.com
lindsi.weber@gknet.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISON

| | |
|---|---|
| COLD STONE CREAMERY, INC., | No. **W08CA060** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR WRONGFUL LEVY** |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Plaintiff, Cold Stone Creamery, Inc. ("Cold Stone"), for its Complaint against Defendant, the United States of America ("Defendant"), hereby alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Cold Stone is an Arizona corporation primarily engaged in the business of franchising Cold Stone Creamery restaurants throughout the United States.

2. Defendant in this matter is the United States of America, and may be served by and through the United States Attorney for this District, the Attorney General of the United States, and the Internal Revenue Service, pursuant to 28 U.S.C. App. Rule 4(i)(1).

3. Defendant has caused events to occur in this District, including levying upon property located within this District, which give rise to this Court's jurisdiction.

4. Jurisdiction in this matter is based upon 28 U.S.C. §§ 1346(e), 1361, and 26 U.S.C. § 7426.

5. Venue is proper in this action based upon 28 U.S.C. § 1396 and 26 U.S.C. § 7426.

**GENERAL ALLEGATIONS**

6. This is an action for wrongful levy brought by Cold Stone against Defendant, based upon levies relating to certain franchisees of Cold Stone operating in the State of Texas. For the reasons stated below, the levies filed by the Internal Revenue Service (the "IRS") are wrongful as against Cold Stone.

7. Prior to January 25, 2007, AZCS Enterprises, LLC, an Arizona limited liability company ("AZCS"), and Almacita Enterprises, LLC, a Texas limited liability company ("Almacita"), were franchisees of Cold Stone.

8. Both AZCS and Almacita were owned and operated by Sean Brown. AZCS operated seven Cold Stone franchises in the States of New Mexico and Arizona and Almacita operated five Cold Stone franchises in the State of Texas.

9. AZCS and Almacita executed various Franchise Agreements and Sublease Agreements as part of their franchise relationship with Cold Stone. The Franchise Agreements provide Cold Stone with the right to terminate a franchisee's Franchise Agreement for a number of reasons, including, among others (i) failure to pay any monies owed to Cold Stone or its affiliates; (ii) failure to perform any obligations owed to Cold

2

Stone under the Franchise Agreement; (iii) loss of possession of a Cold Stone Creamery restaurant; and (iv) a default under the franchisee's Sublease Agreement. In the event that a Franchise Agreement is terminated for any reason, the franchisee is required to forfeit all fees paid and to return to Cold Stone its operating manual, all recipes, and all other Cold Stone property, including any intellectual property and proprietary materials. In addition, Section 17 of the Franchise Agreements specifically provides that any goodwill and intellectual property associated with Cold Stone's business is the sole property of Cold Stone upon termination of the Franchise Agreement.

10. The Sublease Agreements provide Cold Stone with the right to terminate the sublease arrangement as a result of a default in the payment of rent or any of the franchisee's obligations under the Sublease Agreement. Upon the occurrence of such a default, Section 16.2 of the Sublease Agreements specifically grants Cold Stone the right to terminate the franchisee's right of possession with respect to the leased property.

11. The Sublease Agreements also grant Cold Stone a security interest "in and to all of the Sublessee's property situated in, or upon, or used in connection with the Premises ... as security for all of Sublessee's obligations hereunder ...".

12. In addition, SWCS Development, Inc., an Arizona corporation ("SWCS"), which was also owned and operated by Sean Brown, was an area developer for Cold Stone in Arizona, New Mexico, Texas, and Oklahoma. As a part of the area developer relationship, SWCS and Cold Stone entered into certain Area Developer Agreements. Like the Franchise Agreements and the Sublease Agreements, the Area Developer Agreements provide Cold Stone with the right to terminate the area developer

arrangement as a result of the failure of an area developer to pay any monies owed to Cold Stone or if the area developer breaches any of its obligations under the Area Developer Agreement. Sean Brown, Almacita, AZCS, and SWCS are referred to collectively herein as the "Taxpayers."

13. The Franchise Agreements, Sublease Agreements, and Area Developer Agreements are non-assignable and non-transferable by the franchisee without Cold Stone's prior written consent.

14. In order to assist AZCS with certain pre-opening costs associated with its Cold Stone franchises, Cold Stone made various loans (collectively, the "Loans") to AZCS during the 2004 and 2005 calendar years as follows:

| Date | Loan Amount |
|---|---|
| September 1, 2004 | $264,518.56 |
| October 1, 2004 | $218,954.41 |
| June 1, 2005 | $262,036.91 |
| Total | $745,509.88 |

15. Each of the Loans was documented by a Promissory Note and a Master Loan and Security Agreement issued by AZCS in favor of Cold Stone. Each Promissory Note was, in turn, secured by the assets of AZCS and/or Almacita and personally guaranteed by Sean Brown, as the owner of AZCS and Almacita.

16. The Master Loan and Security Agreements described the collateral securing the Loans as including, without limitation, "[a]ll inventory ... machinery, furniture, fixtures and other equipment" owned by AZCS and/or Almacita.

17. Cold Stone perfected its security interests in certain assets of AZCS and Almacita by filing various UCC-1 financing statements, and perfected the rest by

possession. With respect to its security interest in Almacita's assets, Cold Stone filed a UCC-1 in Texas (filing #50030661344) and Arizona (filing #200513838443) on October 3, 2005. With respect to its security interest in AZCS's assets, Cold Stone filed two UCC-1s in Arizona (filing #200513838421 and #200513838432) on October 3, 2005, which UCC-1s were refiled on November 9, 2006, and a UCC-1 in New Mexico (filing #20050017651J) on October 4, 2005.

18. Subsequent to Cold Stone making the Loans, Almacita, AZCS, and SWCS habitually failed to pay royalties, rent, advertising fees, and other amounts due to Cold Stone pursuant to the terms of the Franchise Agreements, the Sublease Agreements, and the Area Developer Agreement. In addition, AZCS failed to timely satisfy the amounts due to Cold Stone under the above-referenced Promissory Notes.

19. After numerous efforts to resolve these issues, on January 25, 2007, Cold Stone terminated its Franchise Agreements and Sublease Agreements with Almacita and AZCS as well as its Area Developer Agreement with SWCS pursuant to a letter from Joshua Becker, Cold Stone's Associate Counsel (the "Termination Letter").

20. With respect to the termination of the Franchise Agreements, the Sublease Agreements, and the Area Developer Agreement, the Termination Letter also made clear that Cold Stone intended to exercise its right to take possession of each of the Taxpayers' open stores and to assume operation of the area developer territories assigned to SWCS by February 7, 2007. The Termination Letter advised Almacita and AZCS to remove all of their personal effects from the open stores prior to February 7, 2007.

21. During the same time that the Taxpayers were failing to satisfy their contractual obligations to Cold Stone, the Taxpayers also apparently failed to pay various federal income and employment taxes, which resulted in the creation of federal tax liens against Almacita, AZCS, and SWCS.

22. In 2007, the IRS filed the following notices of federal tax liens at the county level in Texas:

| Date | County | Amount |
| --- | --- | --- |
| May 25, 2007 | Bell | $62,518 |
| May 30, 2007 | Bell | $26,679 |
| June 5, 2007 | McLellan | $62,580 |
| June 6, 2007 | Nueces | $62,518 |
| June 13, 2007 | McLellan | $26,679 |
| June 15, 2007 | Neuces | $26,679 |

23. All of the federal tax liens filed in Texas were filed after Cold Stone issued the Termination Letter and terminated all of Almacita's Franchise Agreements and Sublease Agreements with respect to stores located in Texas.

24. In addition, all of the federal tax liens filed in Texas were filed after Cold Stone had a perfected security interest in the Texas stores, and after Cold Stone had taken possession of the Texas stores.

25. On May 29, 2007, Cold Stone was served with a Notice of Intent to Levy from the IRS with respect to any assets belonging to AZCS and Almacita in its possession. A copy of the Notice of Intent to Levy is attached as Exhibit A.[1]

---

[1] Upon information and belief, certain Sublease Agreements with AZCS and Almacita were executed by Cold Stone Leasing Company, Inc. ("CS Leasing") and not Cold Stone. The IRS never served CS Leasing with a Notice of Intent to Levy. Accordingly, to the

## COUNT ONE
### Wrongful Levy

26. This claim for wrongful levy against the United States of America is based upon the actions of the IRS relating to the levies alleged above.

27. Pursuant to 26 U.S.C. § 7426(a)(1) and Treas. Reg. §301.7426-1(a)(1)(i)(B) and the Promissory Notes, Master Loan Agreements, and Security Agreements, Cold Stone possesses an interest in the property that is subject to the levy, and such property was wrongfully levied upon by the IRS.

28. Pursuant to Treas. Reg. § 301.7426-1(a)(1)(i)(A) and the Promissory Notes, Master Loan Agreements, and Security Agreements, Cold Stone's interest in the levied property is senior to the interest of the United States.

29. Moreover, under Treas. Reg. § 301.7426-1(b)(1)(iv)(b) and (d), the levy was wrongful because (1) the Taxpayers did not have an interest in certain of the property at the time the lien arose because Taxpayers' interest in the Franchise Agreements, the Sublease Agreements, and the Area Developer Agreement (including but not limited to any interest in real or personal, tangible or intangible property granted to Taxpayers thereunder) had been terminated by the Termination Letter dated January 25, 2007; and (2) the levy effectively destroys and/or injures Cold Stone's interest in the Almacita property and assets which is senior to the federal tax lien.

extent that CS Leasing is in possession of any of the Taxpayers' property, the Notice of Intent to Levy filed against Cold Stone is ineffective with respect to that property.

7

30. As a direct result of the wrongful levy by the IRS, Cold Stone has been damaged in an amount to be proven at trial.

WHEREFORE, Cold Stone respectfully requests that the Court enter judgment in its favor and against Defendant, granting the following relief:

A. An Order granting an injunction to prohibit the enforcement of the levy, and/or to prohibit the seizure and sale of the levied property described above;

B. An Order declaring that the levy as against Cold Stone is invalid, wrongful, and unenforceable;

C. An Order declaring that Cold Stone's security interest in the property described above is prior and superior to any lien or other interest asserted therein by Defendant;

D. An Order declaring that the levy is invalid, wrongful, and unenforceable against any and all property of Taxpayers' that is subject to Cold Stone's security interest;

E. For an award of Cold Stone's reasonable attorneys fees and costs incurred in this action; and

F. For such other and further relief as the Court deems just and proper.

DATED this 28th day of February, 2008.

GALLAGHER & KENNEDY, P.A.

By: /s/     Paul E. Burns
Paul E. Burns
Joseph E. Cotterman
Lindsi M. Weber
2575 East Camelback Road
Phoenix, Arizona 85016-9225
   Attorneys for Plaintiff

# Exhibit A

| Form **668-C** | Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. December 2001) | **Final Demand for Payment** |

| To<br>COLD STONE CREAMERY CORPORATION<br>9311 E VIA DE VENTURA<br>SCOTTSDALE, AZ 85258 | Date<br>08/02/2007 |
|---|---|

On May 29, 2007, a notice of levy was served on COLD STONE CREAMERY CORPORATION at SCOTTSDALE, AZ. The notice of levy attached property, rights to property, money, credit, and bank deposits then in your possession, to the credit of, belonging to, or owned by ALMACITA ENTERPRISES L L C, BROWN SEAN H MEMBER of TEMPE, AZ. Identifying Number(s) 22-3875764. When the notice was served, that person owed and still owes the United States $66267.16. Demand was made on you for the amount shown in the notice of levy, or for any smaller amount you owed the taxpayer, but we have not received your payment.

Please see section 6332 of the Internal Revenue Code on the back of this form.

Demand is again made for $66267.16, shown in the notice of levy, or for any smaller amount you owed the taxpayer when the notice of levy was served. Send us payment as explained in the instructions received on the levy within 5 days of getting this demand. If you don't pay within 5 days, we will consider you to have refused our demand and we may then enforce Code Section 6332.

If someone other than the taxpayer has a claim against this property, please complete the back of this form.

| Signature<br>ABE REYES | Address (City and State)<br>40 W. BASELINE RD<br>STOP: 5102TEM |
|---|---|
| Title<br>REVENUE OFFICER | Telephone Number<br>(602) 207-8351 | TEMPE, AZ 85283-1260 |

### Sec. 6332. Surrender of Property Subject to Levy

**(a) Requirement.** — Except as otherwise provided in this section, any person in possession of *(or obligated with respect to)* property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights *(or discharge such obligation)* to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

**(b) Special Rule For Life Insurance and Endowment Contracts.** - [Omitted.]

**(c) Special Rule For Banks.** - Any bank *(as defined in section 408(n))* shall surrender *(subject to an attachment or execution under judicial process)* any deposits *(including interest thereon)* in such bank only after 21 days after service of levy.

**(d) Enforcement of Levy.** -
(1) Extent of Personal Liability. - Any person fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy *(or in the case of a levy described in section 6631 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer)*. Any amount *(other than costs)* recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for Violation. - In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property to rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

**(e) Effect of Honoring Levy.** - Any person in possession of *(or obligated with respect to)* property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property *(or discharges such obligation)* to the Secretary *(or who pays a liability under subsection (d)(1))* shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising form such surrender or payment.

**(f) Person Defined.** - The term "person," as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to the property, or to discharge the obligation.

### Other Claims

If someone other than the taxpayer has asserted a claim(s) to the property, rights to property, money, credits, and bank deposits in your possession, please furnish the following information:

| Name, address and telephone number of the claimant | Amount claimed | Date of claim | Type of claim |
|---|---|---|---|

Form 668-C (Rev. 12-2001)

```
[08/01/2007 09:10]============ LEVY INFORMATION ============
    TIN: 22-3875764      LEVY TYPE: 668A    DATE ISSUED: 05/29/2007
    COMMENTS:

       ISSUED TO                          TAXPAYER NAME AND ADDRESS
   COLD STONE CREAMERY CORPORATION        ALMACITA ENTERPRISES L L C

                                          BROWN SEAN H MEMBER

   9311 E VIA DE VENTURA                  4920 S WENDLER DR STE 209

   SCOTTSDALE              AZ 85258-      TEMPE               AZ 85282-6450
   PENALTY AND INTEREST COMPUTED TO: 06/28/2007
=     MODULE NAME           MFT  TXPD   ICS LEVY BAL    STAT ADD    TOTAL BAL=
   ALMACITA ENTERPRISES L L  01  200603      20824         3269        24092
   ALMACITA ENTERPRISES L L  01  200606      25107         3070        28177
   ALMACITA ENTERPRISES L L  10  200512      11934         2063        13997


   SCROLL UP/DOWN              <ESC> EXIT

   [History information has been saved.                              | N S ]
```

| Form **668-C** (Rev. December 2001) | Department of the Treasury - Internal Revenue Service<br>**Final Demand for Payment** |
|---|---|

| To<br>COLD STONE CREAMERY CORPORATION<br>9311 E VIA DE VENTURA<br>SCOTTSDALE, AZ 85258 | Date<br>08/01/2007 |
|---|---|

On <u>May 29, 2007,</u> a notice of levy was served on <u>COLD STONE CREAMERY CORPORATION</u> at <u>SCOTTSDALE, AZ.</u> The notice of levy attached property, rights to property, money, credit, and bank deposits then in your possession, to the credit of, belonging to, or owned by <u>AZCS ENTERPRISES LLC</u> of <u>TEMPE, AZ.</u> Identifying Number(s) <u>37-1450424.</u> When the notice was served, that person owed and still owes the United States <u>$142120.97.</u> Demand was made on you for the amount shown in the notice of levy, or for any smaller amount you owed the taxpayer, but we have not received your payment.

**Please see section 6332 of the Internal Revenue Code on the back of this form.**

Demand is again made for <u>$142120.97,</u> shown in the notice of levy, or for any smaller amount you owed the taxpayer when the notice of levy was served. Send us payment as explained in the instructions received on the levy within 5 days of getting this demand. If you don't pay within 5 days, we will consider you to have refused our demand and we may then enforce Code Section 6332.

If someone other than the taxpayer has a claim against this property, please complete the back of this form.

| Signature<br>ABE REYES | | Address (City and State)<br>40 W. BASELINE RD<br>STOP: 5102TEM<br>TEMPE, AZ 85283-1260 |
|---|---|---|
| Title<br>REVENUE OFFICER | Telephone Number<br>(602) 207-8351 | |

Part 2 -- Third Party                        www.irs.gov          Form 668-C (Rev. 12-2001)

### Sec. 6332. Surrender of Property Subject to Levy

**(a) Requirement.** – Except as otherwise provided in this section, any person in possession of *(or obligated with respect to)* property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights *(or discharge such obligation)* to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

**(b) Special Rule For Life Insurance and Endowment Contracts.** – [Omitted.]

**(c) Special Rule For Banks.** – Any bank *(as defined in section 408(n))* shall surrender *(subject to an attachment or execution under judicial process)* any deposits *(including interest thereon)* in such bank only after 21 days after service of levy.

**(d) Enforcement of Levy.** –
(1) Extent of Personal Liability. – Any person fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy *(or in the case of a levy described in section 6631 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer)*. Any amount *(other than costs)* recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for Violation. – In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property to rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

**(e) Effect of Honoring Levy.** – Any person in possession of *(or obligated with respect to)* property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property *(or discharges such obligation)* to the Secretary *(or who pays a liability under subsection (d)(1))* shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising form such surrender or payment.

**(f) Person Defined.** – The term "person," as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to the property, or to discharge the obligation.

### Other Claims

If someone other than the taxpayer has asserted a claim(s) to the property, rights to property, money, credits, and bank deposits in your possession, please furnish the following information:

| Name, address and telephone number of the claimant | Amount claimed | Date of claim | Type of claim |
|---|---|---|---|
| | | | |

```
[08/01/2007 09:25]============ LEVY INFORMATION ============
    TIN: 37-1450424      LEVY TYPE: 668A    DATE ISSUED: 05/29/2007
    COMMENTS:


         ISSUED TO                        TAXPAYER NAME AND ADDRESS
    BANK OF AMERICA                       AZCS ENTERPRISES LLC
    LEGAL ORDER PROC CA9-705-05-07


    LEVIES ATTACHMENTS 20476              4920 S WENDLER DR STE 209
    PO BOX 54660
    LOS ANGELES            CA 90054-      TEMPE              AZ 85282-6450
    PENALTY AND INTEREST COMPUTED TO: 06/28/2007
=       MODULE NAME        MFT  TXPD   ICS LEVY BAL    STAT ADD    TOTAL BAL=
AZCS ENTERPRISES LLC       01  200512       32684         7043        39727
AZCS ENTERPRISES LLC       01  200603       33158         5653        38811
AZCS ENTERPRISES LLC       01  200606       49334         6117        55452
AZCS ENTERPRISES LLC       01  200609        7890          242         8132


    SCROLL UP/DOWN              <ESC> EXIT

    [PRINTING COMPLETED                                          | N S ]
```

ORIGINAL                    422599

AO82
(Rev. 4/90)

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**
at _Waco, TX_

RECEIVED FROM  _Gallagher + Kennedy_
_2575 East Camelback Rd._
_Phoenix, AZ 85016-9225_

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 510000 | $190.00 |
| 604700 | Registry Funds | 086900 | $60.00 |
| | General and Special Funds | 086400 | $100.00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | TOTAL | $350.00 |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

Case Number or Other Reference: W: 08-CA-060

Civil Case Filing Fee
Cold Stone Creamery, Inc vs. USA

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.  195678

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|---|---|---|---|---|---|
| 2/29 & 3/3/2008 | | X | | | _D. Miles_ |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

WO8CA060

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cold Stone Creamery, Inc.

## DEFENDANTS
United States of America

(b) County of Residence of First Listed Plaintiff  **Maricopa County, AZ**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul Burns, Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 - (602) 530-8498

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☒ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 26 USC 7426

Brief description of cause: Wrongful Levy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/28/2008

SIGNATURE OF ATTORNEY OF RECORD: s/ Paul Burns

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.